IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

Civil Action No. 05-cv-01091-OES

JUL 28 2005

LARRY GORDON,

GREGORY C. LANGHAM
CLERK

Applicant,

v.

AL ESTEP, Warden of the Limon Correctional Facility, and
JOHN W. SUTHERS, The Attorney General of the State of Colorado,

Respondents.

---

ORDER DIRECTING APPLICANT TO FILE AMENDED APPLICATION

---

Applicant Larry Gordon is a prisoner in the custody of the Colorado Department of Corrections who currently is incarcerated at the Limon, Colorado, Correctional Facility. Mr. Gordon has filed *pro se* an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (1994 & Supp. 2005). The Court must construe the application liberally because Mr. Gordon is representing himself. See *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be the *pro se* litigant's advocate. See *Hall*, 935 F.2d at 1110. For the reasons stated below, Mr. Gordon will be ordered to file an amended application.

Mr. Gordon has used the Court-approved form for filing an application for writ of habeas corpus pursuant to 28 U.S.C. § 2254. However, it is not clear to the Court that Mr. Gordon is challenging the validity of his 1993 conviction and sentence, the purpose of a § 2254 action. Therefore, he will be directed to file an amended application. If Mr.

Gordon intends to challenge the execution of his sentence, he should file a separate habeas corpus action pursuant to 28 U.S.C. § 2241 (1994). *See Montez v. McKinna*, 208 F.3d 862, 865 (10th Cir. 2000). If he intends to challenge the conditions of his confinement while he was a pretrial detainee, he should file a separate civil rights action pursuant to 42 U.S.C. § 1983 (2003) and 28 U.S.C. § 1343(a)(3) (1993).

In the amended application he will be directed to file, Mr. Gordon must assert claims appropriately raised in a 28 U.S.C. § 2254 action. He also must demonstrate that he has exhausted state remedies as to each asserted claim or that no adequate state remedies are available or effective to protect his rights. *See O'Sullivan v. Boerckel*, 526 U.S. 838 (1999); *Dever v. Kansas State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994). The exhaustion requirement is satisfied once the federal claim has been presented fairly to the state courts. *See Castille v. Peoples*, 489 U.S. 346, 351 (1989). Fair presentation requires that the federal issue be presented properly "to the highest state court, either by direct review of the conviction or in a postconviction attack." *Dever*, 36 F.3d at 1534. "The exhaustion requirement is not one to be overlooked lightly." *Hernandez v. Starbuck*, 69 F.3d 1089, 1092 (10th Cir. 1995). A state prisoner bringing a federal habeas corpus action bears the burden of showing that he has exhausted all available state remedies. *See Miranda v. Cooper*, 967 F.2d 392, 398 (10th Cir. 1992).

Finally, Mr. Gordon must allege specific facts to demonstrate that his claims challenging the validity of his conviction and sentence are not barred by the one-year limitation period. *See* 28 U.S.C. § 2244(d) (Supp. 2005). He must provide the Court with the dates requested on the Court-approved habeas corpus form that are pertinent

2

to his direct appeal and his postconviction proceeding. Accordingly, it is

ORDERED that Mr. Gordon file **within thirty (30) days from the date of this order** an amended habeas corpus application that complies with the directives in this order. It is

FURTHER ORDERED that the clerk of the Court mail to Mr. Gordon, together with a copy of this order, one copy of the following form for use in filing the amended application: Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254. It is

FURTHER ORDERED that the amended application shall be titled "Amended Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254" and shall be filed with the Clerk of the Court, United States District Court for the District of Colorado, Alfred A. Arraj United States Courthouse, 901 Nineteenth Street, Room A105, Denver, Colorado 80294-3589, **within thirty (30) days from the date of this order**. It is

FURTHER ORDERED that if Mr. Gordon fails to file an amended application as directed **within thirty (30) days from the date of this order**, the application will be denied and the action dismissed without further notice.

DATED at Denver, Colorado, this 28th day of July, 2005.

BY THE COURT:

*Boyd N. Boland*
BOYD N. BOLAND
United States Magistrate Judge

3

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 05-cv-01091-OES

Larry Gordon
Prisoner No. 53405
Limon Correctional Facility
49030 State Hwy. 71
Limon, CO 80826

I hereby certify that I have mailed a copy of the **ORDER and two copies of Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254** to the above-named individuals on 7/28/05

GREGORY C. LANGHAM, CLERK

By: _____
Deputy Clerk