IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO



Civil Action No. 05-cv-01091-ZLW

LARRY GORDON,

    Applicant,

v.

AL ESTEP, Warden of the Limon Correctional Facility, and
JOHN W. SUTHERS, The Attorney General of the State of Colorado,

    Respondents.

## ORDER DENYING MOTION TO RECONSIDER

This matter is before the Court on the document titled "Petition for Rehearing" submitted *pro se* by Applicant Larry Gordon and filed with the Court on October 12, 2005. Mr. Gordon is a prisoner in the custody of the Colorado Department of Corrections who currently is incarcerated at the Limon, Colorado, Correctional Facility. The Court must construe the document liberally because Mr. Gordon is proceeding *pro se*. See **Haines v. Kerner**, 404 U.S. 519, 520-21 (1972); **Hall v. Bellmon**, 935 F.2d 1106, 1110 (10th Cir. 1991). Therefore, the document will be construed liberally as a motion to reconsider. For the reasons stated below, the liberally construed motion to reconsider will be denied.

Mr. Gordon submitted *pro se* an amended application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (1994 & Supp. 2005). In an order filed on September 29, 2005, the Court denied the amended application, dismissed the action without prejudice for Applicant's failure to comply with the directives in the July 28,

2005, order for an amended application and for failure to demonstrate exhaustion of state remedies, and entered judgment in favor of Respondents and against Applicant. The reasons for the dismissal are explained in greater detail in the order filed on September 29.

A litigant subject to an adverse judgment, and who seeks reconsideration by the district court of that adverse judgment, may "file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)." *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991). A postjudgment motion filed within ten days of a final judgment should be construed as a Rule 59(e) motion. *Id.*; *see also Dalton v. First Interstate Bank*, 863 F.2d 702, 703 (10th Cir. 1988). A motion to reconsider filed more than ten days after the final judgment in an action should be considered pursuant to Rule 60(b). *Van Skiver*, 952 F.2d at 1243.

Final decisions are those that end the litigation on the merits and leave nothing for the district court to do except execute the judgment. *Van Cauwenberghe v. Biard*, 486 U.S. 517, 521-22 (1988); *In re Durability, Inc.*, 893 F.2d 264, 265 (10th Cir. 1990). "It is well settled that an order dismissing the action . . . is a final judgment." *Sherr v. Sierra Trading Corp.*, 492 F.2d 971, 978 (10th Cir. 1974). The September 29, 2005, order denied the amended application, dismissed the action without prejudice, and entered judgment in favor of Respondents and against Applicant. The instant motion was filed on October 12, 2005. Applicant has filed the motion within ten days of the final judgment in the instant action. *See* Fed. R. Civ. P. 6(a). Therefore, the motion

properly is filed as a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e).

A motion to reconsider that reiterates issues originally raised in the application and that seeks to challenge the legal correctness of the court's judgment by arguing that the district court misapplied the law or misunderstood the litigant's position correctly is asserted pursuant to Fed. R. Civ. P. 59(e). *See Van Skiver*, 952 F.2d at 1244.

Upon consideration of the entire file, the Court finds and concludes that Mr. Gordon fails to demonstrate some reason why the Court should reconsider and vacate its decision to dismiss this action. Moreover, the dismissal was without prejudice. If Applicant wishes to pursue his claims he may do so by initiating a new action. Therefore, the motion to reconsider will be denied. Accordingly, it is

ORDERED that the document titled "Petition for Rehearing" submitted *pro se* by Applicant Larry Gordon and filed with the Court on October 12, 2005, and which the Court has construed liberally as filed pursuant to Fed. R. Civ. P. 59(e), is denied.

DATED at Denver, Colorado, this __1__ day of _____Nov._____, 2005.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

3

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 05-cv-01091-OES

Larry Gordon
Prisoner No. 53405
Limon Correctional Facility
49030 State Hwy. 71
Limon, CO 80826

    I hereby certify that I have mailed a copy of the  **ORDER** to the above-named individuals on 11/2/05

GREGORY C. LANGHAM, CLERK

By: /s/ Andrea
      Deputy Clerk